AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  4:19 CR 980 HEA (JMB) |
| HAITAO XIANG ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

   ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

      ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

      ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

      ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

      ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

      ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
         **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

   ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

   ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

   ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☒ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

At the detention hearing, the parties had no objection to the factual background information set forth in the Pretrial Services Bail Report dated 11/19/2019, except that Defendant's wife confirmed information in that report that was previously listed as "unable to be confirmed." The undersigned adopts and incorporates by reference herein the facts set out in that Report. The parties proffered additional information which the undersigned has considered. Pretrial Services recommends detention.

The Court held a detention hearing on Thursday, November 22, 2019. At the hearing, AUSA Matthew Drake advised the Court that, although this matter was initiated by felony complaint (Case No. 4:19 MJ 1500 JMB), the case had been presented to the Grand Jury for Indictment. After the detention hearing, the Grand Jury returns were made and Defendant was, in fact, charged by Indictment. (ECF No. 1) Those charges will be discussed below.

The government proffered that Defendant poses an extreme flight risk. Defendant is a Chinese citizen and lives in China. Although Defendant's wife and daughter live in the St. Louis area, his wife is also a Chinese citizen. Defendant owns a business in China and works for the Institute of Soil Science in China. The government asked the Court to consider the allegations in the affidavit filed in support of the felony complaint in this matter, which indicate that Defendant was in a special talent program in China. The government contends that the nature and circumstances of the offense provide the People's Republic of China with a strong incentive to assist Defendant in fleeing the United States. The government represented that Defendant would be able to leave the United States even if his current passport and travel documents were surrendered to the Court. The government also represented that, if Defendant returned to China, it would be virtually impossible to extradite him back to the United States. As for Defendant's ties to St. Louis, the government stressed that Defendant's family could easily join him in China if he left.

**\*\* CONTINUED ON ATTACHED SHEET(s) \*\***

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        11/22/2019                                /s/ John M. Bodenhausen
                                                                           UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Defendant asked for release on bail and conditions.  Defendant emphasized his familial and financial ties to this District.  Defendant has been married for more than 17 years and his wife works in the St. Louis area.  Defendant's wife lives in Chesterfield, MO, with their 11-year-old daughter.  Their daughter is a U.S. Citizen.  Defendant lived in the United States for about 17 years before moving back to China.  Defendant obtained his PhD in the United States and has a valid Green Card, which would permit him to remain in the United States.  Defendant returned to China at a time when his father was ill.  His father has since passed away and Defendant lives in China with a sister.  Since moving back to China in 2017, Defendant has returned to the United States several times, most recently to visit his wife and daughter and watch his daughter's piano competition.  Defendant noted that his laptop was previously seized at the airport, thereby alerting him to potential issues, yet he continued to return to the United States.  Defendant's house in Chesterfield has about $100,000 in equity.  Defendant would pledge that equity and additional cash for bail if released.  Defendant would also participate in location monitoring and believes he would be able to work from his Chesterfield home.  Finally, Defendant was arrested on the Complaint on Saturday, November 16, 2019.  Defendant represented that he was entirely cooperative with the FBI at that time.

Based on the record before the Court, the undersigned concludes that the government has met its burden of proof.  There is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance.  Defendant does not pose any substantial danger to the community.

Defendant has strong and significant ties to China.  Defendant resides in China.  Defendant cannot be reasonably returned to the United States if he returns to China.  Defendant is charged with conspiracy to commit economic espionage, economic espionage, conspiracy to steal trade secrets, and theft of trade secrets.  Counts One through Four allege that Defendant's conduct was committed knowing that it would benefit a foreign government, namely the People's Republic of China.  The government's evidence is based, at least in part, on information obtained from Defendant's own laptop which was seized when he moved back to China.  For the limited purpose of determining whether Defendant poses a risk of non-appearance, the undersigned finds that the weight of the government's evidence is particularly strong.  Due to the nature of the charges, Defendant has a strong incentive to return to China if released and the People's Republic of China has an incentive to assist him.  Nothing would prevent his family from returning to China.  Although Defendant has substantial property in this District, the undersigned finds that the economic value of that property is not so great that it would serve as a meaningful deterrent to flight.

The government's motion for pretrial detention is granted.