UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )
    v.                       )        Case No. 4:19CR980 HEA(JMB)
                             )
HAITAO XIANG,                )
                             )
        Defendant,           )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of

Magistrate Judge John M. Bodenhausen addressing Defendant's Motion for Bill of

Particulars, [Doc. No. 58]. An evidentiary hearing was held on August 5, 2020. In

his August 20, 2020 Report and Recommendation, Judge Bodenhausen

recommends that the motion be denied. Defendant has filed written objections to

Judge Bodenhausen's Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation,

the Court must conduct a *de novo* review of the portions of the report, findings, or

recommendations to which the party objected. *See United States v. Lothridge*, 324

F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C.

§ 636, the Court will therefore conduct such a *de novo* review of those portions of

1

the Report and Recommendation to which Defendant objects. The Court has reviewed the entire record, including a transcript of the hearing and the sealed 86-page document that was turned over to Defendant's counsel by the Government, for this purpose.

Defendant objects to Judge Bodehausen's recommendation, arguing that the Indictment and 86-page document turned over by the Government do not enable Defendant to adequately prepare for trial and minimize the risk of surprise as to the trade secret at issue. More specifically, Defendant argues that the identity of the trade secret at issue is still unclear and that if the trade secret is the six modules listed in the Indictment, it is unclear what combination or subset of the six modules constitutes the trade secret.

Judge Bodenhausen set out the law applicable to bills of particulars and concluded that the Indictment in this case is sufficiently precise to inform Defendant of the charges against him in order to enable him to prepare a defense and to avoid the danger of surprise at trial. Judge Bodenhausen also found that to the extent that the Indictment lacks precision, the 86-page document provides sufficient notice as to what the trade secret is in this case. Judge Bodenhausen aptly noted that the Government has maintained in the Indictment, in its briefings on this Motion, and at the hearing on this motion that the trade secret (a.k.a. the "Nutrient

Optimizer") is a combination the following six specific modules: (a) a Crop

Growth Module; (b) a Surface Hydrology Module; (c) a Soil Moisture Module; (d)

a Surface and Soil Temperature Module; (e) a Soil Chemistry Module; and (f) a

Tillage, Harvest, and Crop Residue Module. In his objection, Defendant argues

that nevertheless, "it is not clear what combination [of the six modules] is unique

to the victim company and which combination it is seeking to protect." This

argument is unavailing. As Judge Bodenhausen reasoned, the six modules in

question are identified with a fair degree of specificity in the Indictment and the

Government has provided Defendant's counsel with the 86-page document

containing specific details about each of the six modules.

Judge Bodenhausen also analyzed analogous case law in correctly

concluding that no bill of particulars is warranted in this case. For example, Judge

Bodenhausen's analysis of the facts in this case as compared to those in *United

States v. Liew*, 2013 WL 2605126 (N.D. Cal. June 11, 2013) is well-reasoned. In

*Liew*, the District Court concluded that the government's provision to the

defendants of a 407-page document describing a certain "Trade Secret 5" and a

requirement that the government provide the defendants with documents it

intended to introduce in its case-in-chief were sufficient and denied a bill of

particulars as to Trade Secret 5. Defendant objects to this comparison, arguing that

3

"there is no such description [in this case] that would cure the defected indictment"

and that the trade secret in this case is more analogous to Trade Secret 1 in *Liew*.

Defendant fails to support his contention that there is no document in the case

describing the trade secret. Indeed, the 86-page document does just that. As for the

analogical value of *Liew*'s Trade Secret 1, Judge Bodenhausen adeptly reasoned

Trade Secret 1 is not analogous to the trade secret in this case because whereas in

*Liew* it was unclear whether Trade Secret 1 was an entire chemical process or a

subset of the process, here the Government has affirmatively stated that the trade

secret is a combination of the six modules. In other words, and contrary to

Defendant's objection, the trade secret is clearly all six modules combined, not

some subset of them. Furthermore, the Court has reviewed the 86-page document

and found, as Judge Bodenhausen did, that the 86-page document contains

sufficient detailed information about the modules and their relation to one another

to allow for defense preparation.

Defendant also objects to Judge Bodenhausen's comparison to *United States*

*v. Roberts*, 2009 WL 4060006 (E.D. Tenn. Nov. 20, 2009). In *Roberts*, the

defendant requested identification of the trade secret information "actually

contained" within a device. *Id.* The government in turn represented that "every

part" of the device was a trade secret. *Id.* at *3. The District Court denied the

motion for a bill of particulars based on the government's representation.

Defendant objects to the comparison on the grounds that the trade secret is not

alleged to be the 86-page document itself, but rather "[the trade secret] is some

combination of six modules that are contained within the 86-page document." This

objection misstates the comparison being made. The Government has represented

that all six modules combined are the trade secret and that the entirety of the 86-

page document is a description of the six modules. In other words, every part of the

six modules is the trade secret. The magistrate court's comparison of the instant

case to *Roberts* is apt.

Defendant has been provided sufficient notice of the trade secret in this case.

The Indictment lists and describes the six modules as comprising the trade secret at

issue and the Government has provided the defense with the 86-page document

describing the six modules and their interaction in further detail. Defendant has

presented nothing to establish that Judge Bodenhausen's conclusion is erroneous or

contrary to law. The objection is overruled.

Based upon the foregoing, the Court agrees with Judge Bodenhausen's well-

reasoned conclusions in their entirety. The Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Bill of

5

Particulars, [Doc. No. 58], is denied.

Dated this 15th th day of October, 2020.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE