:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 4:19CR980 HEA |
| | ) | |
| | ) | |
| HAITAO XIANG, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation entered by United States Magistrate Judge John M. Bodenhausen [Doc. No. 117] which recommends that Defendant's motion to suppress evidence, [Doc. No. 93], be denied. Defendant has filed written objections to the Report and Recommendation, to which the government has filed a reply. After careful *de novo* review of the Report and Recommendation, Defendant's objections, and the transcripts of Judge Bodenhausen's evidentiary hearing, as well as the entire record, the Court **OVERRULES** Defendant's objections and **ADOPTS** the Report and Recommendation in its entirety as the opinion of the Court. Defendant's motion to suppress is **DENIED**.

**Facts and Background**

Defendant was indicted by a grand jury on November 21, 2019 charging Defendant with conspiracy to commit economic espionage, in violation of 18 U.S.C. § 1831(a)(5); economic espionage and attempted economic espionage, in violation of 18 U.S.C. §§ 1831(a)(1), (a)(3), and (a)(4); conspiracy to commit theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(5); and substantive counts of theft of trade secrets and attempted theft of trade secrets, in violation of 18 U.S.C. §§ 1832(a)(1), (a)(2), (a)(3), and (a)(4).

Defendant filed a motion to suppress evidence obtained from warrantless searches of his electronic devices. Judge Bodenhausen held an evidentiary hearing and the parties submitted post-hearing briefs. On July 23, 2021, Judge Bodenhausen issued the Report and Recommendation, recommending that the Court deny the motion to suppress because the searches were performed within the border search exception to the warrant requirement.

## Legal Standard

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court has conducted such a *de novo* review of those portions of the Report and Recommendation to which Defendant objects.

## Discussion

Defendant objects to the Report and Recommendation by adopting the arguments made in his motions and his post-hearing briefs. He specifically objects to Judge Bodenhausen's findings that: (1) the search of Defendant's devices was exempt from the Fourth Amendment's warrant requirement; (2) there was reasonable suspicion to conduct the non-routine forensic search; (3) the search was conducted in a constitutionally reasonable manner.

**Warrant requirement**

Defendant argues Judge Bodenhausen essentially rejects that *United States v. Riley*, 573 U.S. 373 (2014) has any impact on forensic searches of electronic devices at the border. He asserts that applying the constitutional principles articulated in Riley, requires a warrant before this forensic border search. Defendant's position, however, overlooks the *Riley* reasoning in exempting electronic devices from the search incident to arrest exception to the warrant requirement. Judge Bodenhausen addressed this argument in the Report and Recommendation. Citing *Alasaad v. Mayorkas,* 988 F.3d 8, 17 ((1st Cir.) *cert* denied, 2021 WL 2637881 (June 28, 2021), Judge Bodenhausen concluded that the reasoning of *Riley* with regard to searches incident to arrest does not apply to the rationale for warrantless border searches; the two exceptions apply to entirely different scenarios for which warrant exceptions are necessary. While Defendant

disagrees with Judge Bodenhausen's conclusions, the conclusions are based on a thorough analysis of the law and its application in this matter.

The Court agrees with Judge Bodenhausen's conclusion that the searches of Defendant's electronic devices fall within the border search exception to the warrant requirement. "[S]earches at the border of the country never require probable cause or a warrant." *United States v. Touset*, 890 F.3d 1227, 1232 (11th Cir. 2018) (cleaned up) (quoting *United States v. Vergara*, 884 F.3d 1309, 1312 (11th Cir. 2018) and *United States v. Ramsey*, 431 U.S. 606, 619 (1977)). The reason being, "[i]mport restrictions and searches of persons or packages at the national borders rest on different considerations and different rules of constitutional law from domestic regulations." *Id.* (quoting *United States v. 12 200-Ft. Reels of Super 8MM Film*, 413 U.S. 123, 125 (1973)). Under its plenary authority, Congress has broad powers "[t]o regulate Commerce with foreign Nations," including "prevent[ing] smuggling and [ ] prevent[ing] prohibited articles from entry." *12 200-Foot Reels of Super 8MM Film*, 413 U.S. at 125 (quoting U.S. Const. art. I, § 8, cl. 3). See *Touset*, 890 F.3d at 1233–35 (holding that the Fourth Amendment does not require *any* suspicion for a forensic search of an electronic device conducted at the airport). In particular, the circuit court found that, "[a]lthough it may intrude on the privacy of the owner, a forensic search of an electronic device is a search of property. And our precedents do not require

suspicion for intrusive searches of any property at the border." *Id.* at 1234.

The Court therefore finds that the initial warrantless searches of Defendant's electronic devices fall within the border search exception and the fruits of those searches will not be suppressed.

**Reasonable Suspicion to Conduct the Non-Routine Forensic Search**

Defendant argues that CBP did not have reasonable suspicion that Defendant was currently engaged in criminal activity or that such evidence was on his devices. Although Defendant argues he is not engaged in a "divide and conquer" analysis of each fact and circumstance, this is precisely what Defendant is attempting. Defendant points to various facts to argue that the facts in this case are in and of themselves not illegal or even suspect. However, as Judge Bodenhausen correctly discusses, the totality of the circumstances is to be considered in the Court's analysis. While it is true some of Defendant's actions occurred prior to his attempted departure, taken together with his one-way trip to China, the day after he left Monsanto, and his behavior during the exit interview, the culmination of all the facts resides in a reasonable suspicion that Defendant was currently engaging in activity which may violate the law. Judge Bodenhausen's discussion of the relevant law regarding the totality of the circumstances accurately provides the basis for the arousal of the reasonable suspicion required to justify the warrantless search. "The concept of reasonable suspicion is not 'readily, or even usefully,

reduced to a neat set of legal rules.'" *United States v. Quinn*, 812 F.3d 694, 697 (8th Cir. 2016) (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). "Reasonable suspicion must be supported by more than a 'mere hunch,' but 'the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying the preponderance of the evidence standard.'" *United States v. Roberts*, 787 F.3d 1204, 1209 (8th Cir. 2015)(quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002)). Officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *Arvizu*, 534 U.S. at 273 (internal quotations and citation omitted). The Timing and location information may also be considered. Roberts, 787 F.3d at 1209. "[E]ven 'a series of acts that appear innocent, when viewed separately, may warrant further investigation when viewed together.'" *United States v. Gonzalez*, 781 F.3d 422, 428 (8th Cir.) (quoting *United States v. Weaver*, 966 F.2d 391, 394 (8th Cir. 1992)), cert. denied, 577 U.S. 859 (2015).

The agents in this matter had background information which provided a basis upon which to assess Defendant's subsequent actions.

**Constitutionality of Search**

Defendant objects to certain of Judge Bodenhausen's findings. Judge Bodenhausen's findings are supported by the record. Defendant disagrees with the

findings, but disagreement is insufficient to overrule credibility determinations, for example, the finding that Officer Beck was making his decisions as a CBP officer. Officer Beck testified as to his role in the border search. The mere disagreement with Officer Beck's version of what transpired by whom does not render his testimony unbelievable. Defendant's speculation about the interest of the CBP had in the devices does not render the search unconstitutional.

Likewise, several courts have found that "the border exception is not rendered inapplicable because a search initiated at a border ultimately is conducted at some physical or temporal remove." *United States v. Kolsuz*, 890 F.3d 133, 142 (4th Cir. 2018), *as amended* (May 18, 2018) (collecting cases). The key consideration for whether a search falls within the border exception is its purpose. *Id.* at 143 ("As a general rule, the scope of a warrant exception should be defined by its justifications."). Where a search is conducted in furtherance of the government's "generalized interest in law enforcement and combatting crime," for example, it does not fall within the purpose of the border search exception, which, as stated, is to prevent the importing or exporting of contraband. *Id. See also 12 200-Foot Reels of Super 8MM Film*, 413 U.S. at 125; *Osborne*, 495 U.S. at 111. Here, the continued search of Defendant's phone occurred physically and temporally removed from the border.

**Failure to Follow CBP Procedure Does Not Require Exclusion.**

Defendant also objects to Judge Bodenhausen's finding that the failure to follow CBP administrative rules governing border searches did not require suppression of the evidence. Specifically, Defendant argues that suppression is required because supervisory approval was not obtained before forensically searching his electronic devices and detaining his property for a month.

The Supreme Court has cautioned that "a rigid application of an exclusionary rule to every regulatory violation could have a serious deterrent impact on the formulation of additional standards to govern prosecutorial and police procedures." *United States v. Caceres*, 440 U.S. 741, 755–56 (1979). Accordingly, exclusion based on a failure to follow regulatory procedure is only warranted if (1) the procedure is mandated by the Constitution or (2) the defendant reasonably relied on the procedure in governing his conduct. *Id.* at 749–53. *See also United States v. Teers*, 591 F. App'x 824, 839 (11th Cir. 2014).

Defendant has failed to show that any of the rules were independently mandated by the Constitution, or that he reasonably relied to his detriment on any belief that these administrative rules were being followed. The Court agrees with Judge Bodenhausen's finding that suppression is not warranted under these circumstances. Judge Bodenhausen clearly sets out the basis for finding the transfer of the devices was reasonable under the circumstances herein and the amount of time which elapsed from seizure to search was justified, with no

prejudice to Defendant.

## Conclusion

Defendant's objections are **OVERRULED**. The Report and Recommendation is adopted in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress is denied.

Dated this 15th day of October 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE