UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cr-00980-HEA |
| | ) | |
| HAITAO XIANG, | ) | |
| | ) | |
| Defendant | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT's OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and undersigned counsel, for its Response to Defendant's Objections to the United States Probation Office's Presentence Investigative Report and states as follows:

On March 17, 2022, and later, on April 3, 2022, the defendant filed objections to the U.S. Probation Office's Presentence Investigation Report (PSR). (Doc. 138, 142)   The defendant objected to paragraphs 31, 34, 35, 89 and 103 and the PSR's recommendation that the defendant be ordered to pay restitution of $150,458 pursuant to 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act ("MVRA"), for legal fees incurred by Monsanto Company and Climate LLC (Monsanto).  The government will address each of the defendant's objections respectively and submits that the PSR is accurate, and restitution is appropriate in this case.

Paragraph 31

On March 17, 2022, the defendant filed an objection to paragraph 31 of the PSR. (Doc. 139)  Specifically, the defendant objected to the statement, "[b]y stealing and utilizing Monsanto's trade secret, Xiang  would have eliminated Monsanto's exclusive access to their proprietary

information which would reduce Monsanto's international market value."  The defendant argues that because China and United States are not competing markets, any use of the trade secret by China would not reduce Monsanto's international market value. The defendant further noted that there is no evidence that he or the People's Republic of China (PRC) intended to hamper Monsanto's use of the trade secret in any market.  The government contends that the PSR is accurate.

While the government acknowledged that Monsanto is not marketing its trade secret in the People's Republic of China (PRC), that does not mean that Monsanto's international market position could never be affected by the defendant's theft of their trade secret.  The defendant stole the trade secret for his personal benefit and the benefit of the PRC.  (Doc. 146 at 9)  If, for instance, the PRC and the defendant developed the trade secret and marketed internationally, such a measure could undermine Monsanto's exclusive access to, and control over, its product and the countries and vendors where they market the product.  Furthermore, even if the PRC were to develop and deploy the trade secret only within the PRC, then the PRC could become more agriculturally independent.  (Doc 141 at 4-5)  This could mean that the PRC would have less need to import agricultural products from other countries abroad, such as the United States.  Using the trade secret they developed, Monsanto markets its product to United States farmers and agricultural producers. While it is difficult to place a monetary figure on such market factors, it is nevertheless accurate that lower exports by domestic agricultural producers and farmers could affect Monsanto's market. Therefore, the government contends that the PSR is accurate.

Paragraph 103

Also on March 17, 2022, the defendant objected to paragraph 103 of the PSR concerning the ability of the Probation office, under certain circumstances, to search the defendant's person,

property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office. (Doc. 139)   The government's position is that the PSR is accurate.

This condition is appropriate to address the specific circumstances of the offense and the defendant's characteristics. Special conditions may be imposed to the extent that they are reasonably related to the relevant sentencing factors listed at 18 U.S.C. § 3553(a) and involve only deprivations of liberty or property that are reasonably necessary for the sentencing purposes listed at 18 U.S.C. § 3553(a).   A special condition such as this is routinely ordered in this District. Abusing his position of trust at Monsanto through deceit, the defendant stole Monsanto's property, secreted it out of their protected space, moved it into his residence, and later transferred it onto electronic devices he carried.   Permitting the probation office to search under reasonable circumstances and conditions is related to the manner in which the defendant committed the underlying crime.

Paragraphs 35 and 89 – Objections to an order of restitution

On April 4, 2022, the defendant objected to paragraphs 35 and 89 of the PSR and the U.S. Probation office's conclusion that restitution of $150,458 is appropriate for Monsanto for legal fees. (Doc. 147)   The defendant argues that because there is no "actual loss" for purposes of calculating the United States Sentencing Guidelines then restitution is not applicable pursuant to the Mandatory Victim Restitution Act (MVRA) codified at 18 U.S.C. § 3663A.[1]   The defendant also argues that because the legal fees "were not necessary expenses requested by the government," they are not recoverable.   The government contends that the PRS is accurate and an order of

---

[1] "Actual loss" for purposes of calculating loss under the United States Sentencing Guideline is not necessarily the same as loss pursuant to 18 U.SC. §§ 3663 or 3663A.  While they are often related they do not have to be the same calculations.

restitution is appropriate.

There are two types of restitution orders: those that impose restitution as a separate sentence and those that impose restitution only as a condition of supervision.  There are several ways that the statutory language confirms that restitution imposed pursuant to a restitution statute is a separate sentence.  Restitution is "in addition" to the rest of the sentence, pursuant to 18 U.S.C. § 3663(a)(1)(A).  It is a final sentence under 18 U.S.C. § 3572(c), and the defendant is "sentenced" to pay a fine or other monetary penalty, including restitution, pursuant to various provisions, including 18 U.S.C. § 3571(a).  Case law confirms that the obligation to pay restitution is separate from the existence of a term of supervision. *See, e.g.*, *United States v. Rostoff*, 164 F.3d 63 (1st Cir. 1999), *United States v. House*, 808 F.2d 508, 511 (7th Cir.1986); *United States v. Keith*, 754 F.2d 1388, 1393 (9th Cir.1985).

<u>Statutory Mandated Restitution</u>

Mandatory restitution occurs when the court must impose restitution for the full amount of harm to identifiable victims of the offense, without consideration of the defendant's ability to pay. Mandatory restitution is required for the offenses listed in 18 U.S.C. § 3663A(c).  The MVRA created 18 U.S.C. § 3663A and brought a more comprehensive notion of mandatory restitution to the federal criminal system.  The MVRA requires courts to order a defendant, convicted of or who plead guilty to enumerated offenses, to pay full restitution without regard to the defendant's economic situation. The offenses identified within the scope of mandatory restitution include "*an offense against property under this title*, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including *any offense committed by fraud or deceit*." 18 U.S.C. § 3663A(c)(1) (emphasis added).  A conviction for a violation of 18 U.S.C. §§ 1831(a)(5), and 1831(a), conspiracy to commit economic espionage, qualifies under § 3663A in that it is an offense against

property and was committed by deceit.

The MVRA defines victim as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).  It includes victims who have suffered a physical injury or pecuniary loss. 18 U.S.C. § 3663A(c)(1)(B).  The MVRA also requires a defendant to "reimburse the victim for lost income and necessary child care, transportation, *and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.*"  18 U.S.C. § 3663A(b)(4) (emphasis added).

Monsanto is clearly a victim of the defendant's criminal in that they were directly harmed because of the defendant's commission of a covered offense, that being a conspiracy to commit economic espionage.  The defendant stole Monsanto's property, the trade secret, and committed the offense, in part, through deceit.  Monsanto submitted a victim impact statement to the U.S. Probation office indicating that they suffered a loss in that they were required to pay legal fees incurred during their participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.  *See* 18 U.S.C. § 3663A(b)(4).  Inasmuch, restitution is mandatory pursuant to 18 U.S.C. § 3663A as Monsanto is a victim of the defendant's criminal conduct that is covered by the statute.

The defendant cites to *Lagos v. United States*, 138 S. Ct. 1684 (2018).  The Supreme Court considered the meaning of the previously mentioned phrase cited in 18 U.S.C. § 3663A(b)(4), "and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."   The Court specifically considered

"whether the scope of the words 'investigation, and 'proceedings' is limited to government investigations and criminal proceedings, or whether it includes private investigations and civil or bankruptcy litigation. We conclude that those words are limited to government investigations and criminal proceedings." *Lagos v. United States*, 138 S. Ct. at 1688. The Court found that "[t]he word 'investigation is directly linked by the word 'or' to the word prosecution,' with which it shares the article the.' This suggests that the 'investigation[s] and 'prosecution[s]' that the statute refers to are of the same general type. And the word 'prosecution' must refer to a government's criminal prosecution, which suggests that the word 'investigation' may refer to a government's criminal investigation. A similar line of reasoning suggests that the immediately following reference to 'proceedings' also refers to criminal proceedings in particular, rather than to 'proceedings' of any sort." *Id*.

Unlike in *Lagos*, in this case the costs at issue that Monsanto incurred were not from private investigations and civil or bankruptcy litigation. Rather, they were expenses Monsanto "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." In this case, Monsanto participated in the underlying criminal investigation and prosecution in numerous ways. Because Monsanto retained counsel and was therefore a represented "person," all contacts by, and requests for assistance from, the government were made through counsel. During some of the Federal Bureau of Investigation's criminal investigation of the case, numerous Monsanto employees were interviewed by Special Agents with and through counsel. Later, following the defendant's Indictment, Monsanto personnel met with, or were interviewed by, attorneys for the government on numerous occasions to assist in the prosecution. At the government's request, Monsanto personnel conducted internal reviews and research in the case on a variety matters. This work included matters related to the research and

6

development costs of the trade secret, marketing of the trade secret, the defendant's supervisory chain and other matters. Similar to what the Court considered in *Lagos*, Monsanto shared the information they uncovered with the government. *Id*. at 1690. Monsanto's retained counsel entered in the captioned criminal case on behalf of Monsanto and, among other things, participated in negotiations that led to the issuance of protective orders in the case. (Doc. 46, 48) Defense counsel for Monsanto also attended court proceedings throughout the case.

Prior to *Lagos,* in *United States v. DeRosier* the Eighth Circuit held:

[A]ttorneys' fees, the employee costs of investigating DeRosier's conduct, and the waiver of the bank fees all stem from DeRosier's fraudulent conduct for which DeRosier was found guilty. *United States v. Akbani*, 151 F.3d 774, 780 (8th Cir.1998) (holding that according to the Victim and Witness Protection Act, there is no blanket prohibition on the inclusion of attorneys' fees in restitution awards for offenses that do not result in damage to or the loss of property*). Our case law has specifically approved of the inclusion of attorney's fees and investigative costs in a restitution award when these losses were caused by the fraudulent conduct. Id*.; *United States v. Piggie*, 303 F.3d 923, 928 (8th Cir. 2002) (affirming the court's inclusion of investigative costs in a restitution award because these losses were incurred as a result of "the specific conduct that is the basis for the offense") *United States v. DeRosier* 501 F.3d 888, 897 (8th Cir. 2007) *See also United States v. Carpenter*, 841 F.3d 1057, 1062 (our circuit has taken a somewhat broader view of the loss that can be included in a restitution award, and have "specifically approved of the inclusion of attorney's fees and investigative costs in a restitution award when these losses were caused by the fraudulent conduct). *United States v. DeRosier,* 501 F.3d 888, 896 (8th Cir. 2007).

The mandatory restitution provisions of the MVRA can also apply if the plea agreement so provides. When an indictment contains both charges for which restitution is mandatory and those for which it is not, an acknowledgment by the defendant in the plea agreement that a mandatory restitution charge led to the plea agreement will trigger the mandatory restitution provisions of 18 U.S.C. § 3663A.

In the plea agreement in this case the parties agreed that:

The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. Pursuant to Title 18, United

States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. Doc. 136 at 14

To be clear, the parties did not agree on any amount of restitution but did agree that there was not "actual loss" or "relevant conduct loss" for purposes of calculating the United States Sentencing Guidelines. However, the parties agreed that "an order of restitution is mandatory for all crimes listed in Section 3663A(c)." *Id.* As previously noted, in this case, conspiracy to commit economic espionage, the offense of conviction, is a crime covered by 18 U.S.C. § 3663A(c) and therefore restitution is mandatory.

Statutory discretionary restitution

If the Court were to determine that the offense of conviction was not covered by 18 U.S.C. § 3663A and that restitution was not mandatory, the Court would still be authorized to order it pursuant to 18 U.S.C. § 3663 as a discretionary order of restitution. 18 U.S.C. § 3663(a) states, "[t]he court, when sentencing a defendant convicted of an offense under this title, . . . *other than* an offense described in section 3663A(c), may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense. . ." 18 U.S.C. § 3663(a)(1)(A) (emphasis added).

Pursuant to this section, discretionary restitution is a sentence of restitution for which the court must consider both the harm to the victims of the offense and the defendant's financial resources in deciding whether to impose restitution. 18 U.S.C. § 3663(a)(1)(B)(i). However, if the Court imposes restitution, it should be imposed for the "full amount of the victims' harms," just as for mandatory restitution. 18 U.S.C. § 3664(f)(1). Here, a discretionary order of restitution

would be appropriate because Monsanto incurred losses and as the PSR identifies in paragraphs 74 – 76, the defendant has the financial means and ability to pay. (Doc. 148 at 15)

Restitution as a Condition of Supervised Release

As indicated above, restitution is this matter is mandatory pursuant to 18 U.S.C. § 3663A. Even if the Court finds it is not mandatory, a discretionary award pursuant to 18 U.S.C. § 3663 would be appropriate in this matter.  However, even if neither of the previous avenues were available to the Court to impose an order of restitution, this Court would still be able to properly order restitution as a condition of supervision.

Any restitution sentence imposed pursuant to a restitution statute (18 U.S.C. §§ 3663, 3663A) is a mandatory condition of probation (18 U.S.C. § 3563(b)(2)) and a discretionary condition of supervised release (18 U.S.C. § 3583(d)) and restitution may be imposed solely as a condition of supervision. This is available for any offense but should only be utilized where a sentence of restitution is not otherwise available.  Restitution can be imposed solely as a condition of supervision. *See, e.g.*, *U.S. v. Dahlstrom*, 180 F.3d 677 (5th Cir. 1999); *U.S. v. Bok*, 156 F.3d 157 (2d Cir. 1998).   18 U.S.C. § 3583(d), provides in relevant part: "[t]he court may order, as a further condition of supervised release, ... any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate ..."

The statutory authorization of such restitution states "[t]he court may provide, as further conditions of a sentence of probation . . .  that the defendant . . . (2) make restitution to a victim of the offense under section 3556 (*but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A)*). . . ." 18 U.S.C. § 3563(b)(2) (emphasis added).  "Discretionary conditions" of probation are cross-referenced at 18 U.S.C. § 3583(d) as a discretionary condition of supervised release. The excepted provisions pertain to offenses eligible for discretionary and mandatory

restitution sentences.  Such restitution is discretionary, in that the defendant's finances are a consideration, and it must otherwise conform to criteria for restitution regarding victims and harms, *i.e.*, it must be imposed for harm caused by the offense to victims of the offense, for harms that are statutorily compensable as restitution. *See, e.g., U.S. v. Cottman*, 142 F.3d 160 (3d Cir. 1998); *U.S. v. Khawaja*, 118 F.3d 1454 (11th Cir. 1997).

In *United States v. Perry*, where the defendant was charged with tax evasion, the defendant argued that the restitution order entered in that case must be vacated because the Victim and Witness Protection Act ("VWPA") and MVRA do not apply to Title 26 offenses. *United States v. Perry*, 714 F.3d 570, 577 (8th Cir. 2013).  The Court disagreed and concluded, "as many circuits have noted, Congress has explicitly granted district courts discretionary authority to 'make restitution to a victim of the offense' a condition of supervised release, without regard to whether the defendant committed an offense enumerated in §§ 3663(a)(1)(A) or 3663A(c)(1)." *Id*.

## Conclusion

WHEREFORE, the government respectfully requests that this honorable Court deny the defendants' objections to the PSR and further enter an order for restitution in the amount of $150,458.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/*Matthew T. Drake*
MATTHEW T. DRAKE, #46499MO

/s/*Gwendolyn E. Carroll*
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorneys
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 6, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties and counsel of record.

*s/Matthew T. Drake*
MATTHEW T. DRAKE, #46499MO

*s/Gwendolyn E. Carroll*
GWENDOLYN E. CARROLL, #4657003NY